UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON A. L.,

                                                                 **Plaintiff,**

                           v.                                                 5:21-CV-477
                                                                                   (FJS/TWD)
COMMISSIONER OF SOCIAL SECURITY,

                                                          **Defendant.**
_____

**APPEARANCES**                                                   **OF COUNSEL**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **MICHAEL L. HENRY, ESQ.**
**OFFICE OF GENERAL COUNSEL**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant Commissioner of Social Security's denial of his request for Supplemental Security Income. *See* Dkt. No. 1. The Court referred the matter to Magistrate Judge Dancks for a Report-Recommendation. *See* Dkt. No. 8. After reviewing the parties' briefs, *see* Dkt. Nos. 16-17, and the Administrative Record, *see* Dkt. No. 11, Magistrate Judge Dancks issued a Report-Recommendation, in which she recommended that the Court deny Plaintiff's motion for

judgment on the pleadings, *see* Dkt. No. 16, and grant Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17.  *See* Dkt. No. 18, Order and Report-Recommendation.  Plaintiff filed objections to Magistrate Judge Dancks' recommendations, s*ee* Dkt. No. 19, to which Defendant responded, *see* Dkt. No. 20.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'"  *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2012) (quotation omitted).  Properly raised objections "must be specific and clearly aimed at particular findings" in the report.  *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citation omitted).  A court reviews for clear error findings and recommendation as to which there are no properly preserved objections.  *See id.*  Likewise, to the extent that a party asserts "'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments'" set forth in the original submissions, the Court reviews them only for clear error.  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotations omitted).

## III. DISCUSSION

In his objections, Plaintiff argues that the ALJ did not properly evaluate the opinions of Dr. Noia, NP Blodgett and Dr. Hopkins and that the Court should not sanction Magistrate Judge

Dancks' misapplication of the Second Circuit's holding in *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293 (2d Cir. June 17, 2022) (summary order), as providing the Court with "carte blanche" authority to reweigh the evidence. *See generally* Dkt. No. 19, Plaintiff's Objections.

In her Report-Recommendation, Magistrate Judge Dancks concluded that the ALJ properly evaluated Dr. Noia's opinion. *See generally* Dkt. No. 18 at 8-16. Specifically, she noted that "Plaintiff conced[ed] the ALJ's evaluation of Dr. Noia's opinion properly addressed the supportability factor, but claim[ed] the ALJ failed to adequately address the consistency factor." *See* Dkt. No. 18 at 10 (citing [Dkt. No. 16] at 13, at *1). Magistrate Judge Dancks noted that "the ALJ must evaluate Dr. Noia's opinion about this severity range under the factors set forth in 20 C.F.R. 416.920c(c), with a special emphasis on the supportability and consistency factors." *Se id.* at 11 (citing [20 C.F.R. § 416.920c]; *Loucks*, 2022 WL 2189293). Magistrate Judge Dancks concluded that the ALJ did so. *See id.* (citing T. at 13-24). Alternatively, Magistrate Judge Dancks stated that, "[t]o the extent the ALJ's decision lacks clarity, a searching review of the record assures the undersigned that the substance of 20 C.F.R. § 416.920c was not traversed." *See id.* (citing *Loucks*, 2022 WL 2189293, at *2) (other citations omitted).

Plaintiff objects to Magistrate Judge Dancks' interpretation of *Loucks*, arguing that (1) the Commissioner is bound to follow its own regulations (2) Magistrate Judge Dancks' "searching review of the record" "to cure the ALJ's procedural deficiency is nothing more than an impermissible re-weighing of the evidence with post-hoc rationalizations supplied by the Magistrate Judge," and (3) "[a]llowing a Magistrate Judge to conduct a proper analysis on behalf of the ALJ effectively renders the applicable regulations for evaluating opinion evidence meaningless." *See generally* Dkt. No. 19.

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency, relationship with the claimant, specialization, and 'other factors'" 20 C.F.R. § 416.920c(a)-(c). The ALJ is required to "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. § 416.920c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. § 416.920c(b)(2).

With regard to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). The regulations provide that with regard to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. 416.920c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record constitutes procedural error. *See Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, *2 (2d Cir. June 17, 2022) (summary order) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). However, "if 'a searching

review of the record' assures [the court] 'that the substance of the [regulation] was not traversed,'" the court may affirm the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2 (quoting *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004))).

Plaintiff argues the Commissioner is "bound to follow the regulations" governing consideration of medical opinions and failure to comply with those regulations warrants remand as a matter of law. *See* Dkt. No. 19 at 6 (citations omitted). To the contrary, the Second Circuit recently stated in *Loucks* that an ALJ's procedural error in failing to explain how he "considered the supportability and consistency of medical opinions in the record" **does not necessarily preclude the court from affirming the Commissioner's decision**. *Loucks*, 2022 WL 2189293, at *2 (emphasis added). Plaintiff contends that *Loucks* "narrowly held that the reviewing court could affirm the Commissioner's decision, despite the ALJ's legal error, 'where application of the correct legal principles could lead [the Court] to <u>one conclusion</u>'" but "does not give the Magistrate Judge carte blanche to engage in impermissible re-weighing of the evidence as if she were the trier of fact." *See* Dkt. No. 19 at 6 (quoting *Loucks*, 2022 WL 2189293, at *2 (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) (emphasis added)).

The Court agrees that *Loucks* does not suggest that a substantial evidence review can cure a procedural error. However, the Court disagrees that the holding in *Loucks* is as narrow as Plaintiff argues. As the court stated recently in *John L. M. v. Kijakazi,* No. 5:21-cv-368 (BKS/TWD), 2022 WL 3500187 (N.D.N.Y. Aug. 18, 2022) (Sannes, J.), "[i]n *Loucks*, the Court recited the well-settled principle that '[d]espite [an] ALJ's procedural error,' a reviewing court can affirm if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed.'" *Id.* at *2 (quoting [*Loucks*,] 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829 (quoting *Estrella*, 925 F.3d at 96)). "Thus, while a reviewing court may

not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole." *Id.* (citing *Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151 (W.D.N.Y. June 27, 2022) ("[I]nsofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed.'" (first quoting *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-cv-1056, 2022 WL 446462, at *5 n.5, 2022 U.S. Dist. LEXIS 26451 (W.D.N.Y. Feb. 14, 2022); and then quoting *Loucks*, 2022 WL 218293, at *2, 2022 U.S. App. LEXIS 16829))); (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When . . . the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." (citation omitted)).  Thus, although remand may be appropriate in many circumstances when the ALJ commits a procedural error, procedural error alone does not require remand as a matter of law.  *See id.*

In concluding that the ALJ's procedural error in his treatment of the consistency factor did not warrant remand, Magistrate Judge Dancks discussed the record evidence and concluded that Dr. Noia's opinions about Plaintiff's mild and moderate mental functioning limitations were more consistent with the medical opinions of state agency consultants Brown, Psy.D. and L. Haus, Psy.D. than his opinion about Plaintiff's potential for marked mental functioning limitations.  *See* Dkt. No. 18 at 12 (comparing T. at 754-58 (opinion of Dr. Noia), with *id*. at 63-67 (opinion of Dr. Brown), 77-80 (opinion of Dr. Haus)).  Magistrate Judge Dancks also noted that "Dr. Noia's conclusions about the severity of Plaintiff's mental functioning limitations in the

first three categories of mental functioning are more consistent with the conclusions of Drs. Brown and Haus than his conclusion about Plaintiff's mental functioning limitation in the final category of mental functioning." *See id.* at 12 (citing 20 C.F.R. § 416.920a(c)(3) (defining the "four broad functional areas in which" the Commissioner rates an individual's degree of mental functional limitation).

Magistrate Judge Dancks also stated that the consistency between the three doctors' opinions diverged on the fourth and final category of mental functioning: the ability to adapt or manage oneself. *See id.* at 13 (citing 20 C.F.R. § 416.920a(c)(3); T. at 18). She noted that, "although Drs. Brown and Haus agreed Plaintiff's greatest limitations in this category were moderate, Dr. Noia opined that Plaintiff had "moderate to marked" limitations in this category of mental functioning. *See id.* (comparing T. at 66, 80 with *id*. at 757). Dr. Noia's evaluation of Plaintiff's limitations in the fourth category of mental functioning was accordingly less consistent with the medical opinions of Drs. Brown and Haus than his evaluation of Plaintiff's limitations in the first three categories of mental functioning. Thus, she noted that although all three doctors agreed that Plaintiff had no marked limitations in the first three categories of mental functioning, Dr. Noia was the only one who opined Plaintiff may have marked limitations in the fourth category of mental functioning. *See id.* (comparing T. at 65-66, 79-80 *with id.* at 757). Thus, Magistrate Judge Dancks stated that this aspect of Dr. Noia's opinion was inconsistent with the opinions of Drs. Brown and Haus. *See id.* (citing 20 C.F.R. § 416.920c(c)(2)).

Magistrate Judge Dancks stated that "[t]he ALJ recognized this inconsistency by contrasting the consistency among the three doctors' opinions, Plaintiff's treatment records, and Plaintiff's activities of daily living with the inconsistency between Dr. Noia's opinion about Plaintiff's "moderate to marked" limitations and Plaintiff's normal mental status examinations."

*See id.* at 13-14 (citing T. at 18, 21). Therefore, Magistrate Judge Dancks concluded that "[s]ubstantial medical opinion evidence . . . supports the ALJ's decision to discount this aspect of Dr. Noia's opinion and conclude that Plaintiff was not 'markedly limited in any aspect of work-related mental functioning." *See id.* at 14 (citations omitted).

Magistrate Judge Dancks also found that Dr. Noia's opinion that Plaintiff may have marked limitations in his ability to adapt and manage himself was not consistent with Plaintiff's treatment records and that substantial evidence supported the ALJ's decision to discount the inconsistent opinion from Dr. Noia and conclude Plaintiff was not "markedly limited in any aspect of work-related mental functioning." *See id.* at 14-15. Magistrate Judge Dancks also noted that Dr. Noia's opinion that Plaintiff may have marked limitations in his ability to manage himself was not consistent with Plaintiff's activities of daily living. *See id.* at 15.

For all these reasons, MJ Dancks concluded that her searching review of the record assured her that the substance of 20 C.F.R. § 416.920c was not traversed in the evaluation of Dr. Noia's opinion. *See id.* at 16 (citations omitted). Specifically, MJ Dancks noted that "[t]he opinion that Plaintiff 'appears to have moderate to marked limitations regulating emotions, controlling behavior, and maintaining well-being' is inconsistent with the medical opinions of Drs. Brown and Haus, it is not consistent with years of Plaintiff's treatment records, and it is not consistent with Plaintiff's activities of daily living." *See id.* at 16 (citing 20 C.F.R. § 416.920c(c)(2); accord T. at 16-18, 21). Therefore, she concluded that "[s]ubstantial evidence . . . supports the ALJ's decision to discount this aspect of Dr. Noia's opinion." *See id.* (citing T. at 21; *Tejada*, 167 F.3d at 773).

With regard to the joint opinion of NP Blodgett and Dr. Hopkins, Magistrate Judge Dancks concluded that the ALJ "had properly evaluated the Blodgett-Hopkins opinion under the

supportability and consistency factors." *See* Dkt. No. 18 at 19 (citing 20 C.F.R. § 416.920c(b); *Loucks*, 2022 WL 2189293, at *1; T. 21-22). Magistrate Judge Dancks stated, that alternatively, "to the extent the ALJ's decision lacks clarity, a searching review of the record assures the undersigned that the substance of 20 C.F.R. § 416.920c was not traversed." *See id.* (citing *Loucks*, 2022 WL 2189293, at *2; *Scott A.C.*, 2022 WL 2965585, at *3; *Ricky L.*, 2022 WL 2306965, at *4).

The Court does not need to determine whether, as Plaintiff contends, the Report-Recommendation's reasoning is a post-hoc rationalization because it finds, on *de novo* review, that the ALJ's analysis of the record evidence, including the opinions of Dr. Noia and the joint opinion of NP Blodgett and Dr. Hopkins, shows that the substance of the regulations requiring consideration of the consistency and supportability of opinion evidence was not traversed.

A searching review of the record shows that, in discussing the persuasiveness of the medical opinions, the ALJ considered the consistency of Dr. Noia's opinion with the record as a whole. The ALJ discussed Dr. Noia's findings in detail and concluded that, "based on the opinions of State agency medical consultants D. Brown, Psy.D. and L. Haus, Psy.D., as well as the medical source statement from consultative examining psychologist Dennis Noia, Ph.D., [Plaintiff was] able to perform simple work that requires no more than occasional interaction with others (Exhibits 1A, 3A, and 7F)." *See* AR at 21. Furthermore, the ALJ found that

> Dr. Noia's opinion is well supported by the detailed findings from his mental status examination. For example, Dr. Noia noted that [Plaintiff] was cooperative, had adequate social skills, maintained appropriate eye contact, spoke fluently, showed no evidence of delusions, hallucinations, or disordered thinking, and maintained good attention and concentration. Dr. Noia stated that [P]laintiff demonstrated memory skills that were mildly impaired. [P]laintiff appeared to have average cognitive functioning, and had good insight and judgment (Exhibit 7F, page 3).

*See id.*

The ALJ also found "the opinions of Dr. Brown, Dr. Haus, and Dr. Noia . . . consistent with the record as a whole including the mental status examination findings in the records from [Plaintiff's] own treatment providers (e.g., Exhibit 4F, pages 5 and 13; Exhibit 25F, pages 3 and 11), and the evidence described above regarding [Plaintiff's] activities of daily living." *See id.* However, the ALJ noted that he did "not find [Plaintiff] markedly limited in any aspect of work-related mental functioning, as Dr. Noia suggested might be the case, given the actual mental status examination findings recorded by Dr. Noia, which were relatively normal (Exhibit 7F, page 3)." *See id.*

The ALJ further explained that he had considered Joshua Blodgett, NP and Geoffrey Hopkins, M.D.'s assessment of Plaintiff's mental limitations and found unpersuasive the mental limitations in their assessment that were more restrictive than those included in his assessment of Plaintiff's residual functional capacity. *See id.* at 21-22. The ALJ explained that "[t]he more significant limitations indicated in the assessment from Joshua Blodgett, NP and Dr. Hopkins [were] not supported by the actual mental status examination findings in their underlying treatment records." *See id.* at 22. The ALJ gave examples to support his finding:

> For example, during a behavioral health evaluation on January 9, 2019, [Plaintiff's] mental status examination indicated that he was pleasant and cooperative, appeared to be alert, without apparent impairment in orientation, intact recent and remote memory, good eye contact, and no evidence of psychomotor abnormalities. His thoughts were generally linear and logical without indication or report of suicidal or homicidal ideation, intent, or plan. Based on conversation and interview, the examiner stated [Plaintiff] had no evidence of psychosis. His mood was noted to be depressed, affect full and congruent with mood and his judgment, insight and impulsivity were described as unremarkable (Exhibit 4F, page 5).

*See id.* at 22.

The ALJ also noted that, "[a]t a May 5, 2020 tele[-]psychiatric medical management appointment, NP Blodgett gave [Plaintiff] a mental status examination and noted that he was pleasant and cooperative with the interview." *See id.* Plaintiff also "appeared to be alert and without apparent impairment in orientation and his speech was generally fluent and his thoughts were generally linear and logical without indication or report of suicidal or homicidal ideation, intent, or plan." *See id.* Finally, "[t]here was no evidence of psychosis[;] [h]is mood was noted to be euthymic, and his affect was reported as full and congruent with his stated mood[; and] [h]is judgment was intact, and his insight was normal, without delusions or hallucinations (Exhibit 23F, page 4)." *See id.*

Finally, the ALJ noted that "[t]he mental status exam that [Plaintiff] was given at New York Spine and Wellness in February 2020 indicated [Plaintiff] was alert and oriented to person, place, and time.  His mood and affect were pleasant and appropriate.  His judgment was intact, and his insight was normal, without delusions or hallucinations (Exhibit 23F, page 4)." *See id.*

After reviewing all of this information, the ALJ concluded that the "mental status examination findings, as well as the mental status examination findings from Dr. Noia's report, [were] inconsistent with [Plaintiff's] allegedly disabling mental limitations." *See id.* Furthermore, the ALJ found that Plaintiff's "activities of daily living as noted in his Function Report and reports of Dr. Noia and Dr. Ganesh, demonstrate his ability to be independent in managing his own hygiene, dressing, cooking, and doing household chores, and are inconsistent with the degree of functional limitation that [Plaintiff] has alleged (Exhibits 3E, 7F, and 8F)." *See id.*

With regard to the opinions of J. Blodgett, NP and G. Hopkins, M.D., as well as the opinion of Dr. Noia, reading the ALJ's decision as a whole, including the examples he provided

to support his findings, the Court can glean the ALJ's consideration of the consistency and supportability of their analysis of the medical evidence. The Court therefore concludes that the substance of the regulation was not traversed and the ALJ's procedural error does not require remand. *See Ricky L.*, 2022 WL 2306965, at *4 (stating that, "insofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, . . . the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed'" (citations omitted)).

Finally, the Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation, *see* Dkt. No. 18, is **ADOPTED**; and the Court further

**ORDERS** that, for the reasons stated in the Report-Recommendation and for the additional reasons stated herein, Defendant's motion for judgment on the pleadings, *see* Dkt. No. 17, is **GRANTED** and Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 16, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: September 20, 2022
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge